THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GALLO, Appellant.—

No opinion. Ughetta, Pette and Brennan, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: Defendant was convicted of having attempted by threats to intimidate one Supino, with a view to compelling him to put back in his place of business a pin ball or bowling machine, which he had directed his manager to remove from the premises. As part of the People's case, in proof of the alleged coercion, Supino was permitted to testify that he had no contract which required him to keep the machine in the premises; that it was up to him whether he wanted a machine; and that he had no contract which forced him to keep the machine if he did not want it. Subsequently a contract, which required Supino to keep the machine in the premises, was offered in evidence by defendant. The trial court excluded such contract on the ground that it was proof of a collateral matter only, and was not material to the issue before the court. In our opinion, the exclusion of this document was error. It is unnecessary to decide whether the existence of the contract would have proved that the threats were not made to compel Supino to do an act which he had a legal right to refrain from doing, and thus would have precluded defendant's conviction. The evidence adduced as proof of the alleged coercion was obviously intended to prove that Supino had a legal right to remove the machine from his place of business because he was not required to keep it there by any contract. Hence, defendant should have been permitted to meet such proof by showing that there was such a contract.